United States District Court
For the Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| IOU Central, Inc. d/b/a IOU Financial, Inc., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| Voltata TP Acquisition, LLC b/b/a Trans Pecos Electric, Inc.; Julie Johncox Siglinger; JPFI, LLC a/k/a JP Solutions; and, Tammy Shaklee, Individually and as Trustee of the Tammy Shaklee Trust, | § § § § § § § § | Case No. 4:20-cv-1181 |
| Defendants. | § | |

## Julie Johncox Siglinger's and JPFI, LLC's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support

Defendants, Julie Johncox Siglinger (Julie) and JPFI, LLC (JPFI) (collectively, JPFI Defendants), file their 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support as follows:

Julie Johncox Siglinger's and JPFI, LLC's
12(b)(6) Motion to Dismiss
Plaintiff's First Amended Complaint and
Brief in Support- Page 1

## I.

## Issue Presented

On October 26, 2020, Plaintiff filed suit on a Loan to Voltata TP Acquisition, LLC (Voltata) and a personal Guaranty signed by Paul Siglinger. Plaintiff did not even allege that the JPFI Defendants applied for or signed the Loan, signed a Guaranty, or were even Voltata members. Instead, Plaintiff sought to hold the JPFI Defendants liable for Voltata's Loan and Paul's Guaranty because (a) Julie and Paul are married, (b) they both work from offices in their shared homestead, and (C) Julie transferred a rental property to her company *a month before* Paul applied for Voltata's.

Naturally, the JPFI Defendants moved to dismiss the case against them. To avoid likely dismissal, Plaintiff unilaterally filed an Amended Complaint on December 20, 2020. Yet, even with the benefit of reviewing the JPFI Defendants' Motion to Dismiss, Plaintiff still has not stated—and cannot state—a legally cognizable claim against the JPFI Defendants'. Despite incanting new legalistic phrases, the facts stubbornly remain the same:

- The Voltata Loan was between Plaintiff and Voltata, not Julie or JPFI;
- Paul completed the Voltata Loan application, not Julie or JPFI;
- Paul signed a Guaranty, not Julie or JPFI;

**Julie Johncox Siglinger's and JPFI, LLC's
12(b)(6) Motion to Dismiss
Plaintiff's First Amended Complaint and
Brief in Support- Page 2**

- Julie transferred a rental property one month before Paul even completed the Voltata Loan application;

- Julie and JPFI are not members of Voltata;

The JPFI Defendants respectfully request that the Court dismiss Plaintiff's claims as to the JPFI Defendants.

## II.

## Argument & Authorities

The standard for evaluating Rule 12(b)(6) motions is well-established. "Factual allegations must be enough to raise a right to relief above the speculative level."[1] This means that Plaintiff's factual allegations "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] And, although the Court considers the Complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."[3]

**A. According to its Amended Complaint, Plaintiff's case involves a transaction between Plaintiff, Voltata, and Paul—not Julie or JPFI.**

Although at times obscured by baseless, conclusory allegations of fraud and ratification, Plaintiff's Complaint does describe a typical business loan gone bad.

---

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[2] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).
[3] *Id.* (quoting *Twombly,* 550 U.S. at 555).

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 3**

These allegations describe a loan that Plaintiff made to Voltata (the Voltata Loan) supported by Paul's Guaranty:

- "Voltata is a limited liability company … whose members are Paul and Clifton M. Mitchell … ."[4]
    - Plaintiff does *not* allege or claim that the JPFI Defendants were members or had any interest in Voltata.
- "On 6/14/18, [Paul] submitted a Loan Application to [Plaintiff] … ."[5]
    - Plaintiff does *not* allege that the JPFI Defendants submitted any applications to Plaintiff for *any* loans.
- "On 6/21/18, [Paul] executed a Promissory Note for [Voltata] to IOU for a gross loan amount/principal of $161,250 … ."[6]
    - Plaintiff *not* allege that the JPFI Defendants executed any Promissory Note for Voltata.
- "The Note includes a Security Agreement, by which [Paul] and [Voltata] and all other recipients of the Funds, such as [Julie] and [JPFI] were to

---

[4] Amended Complaint, p. 1, para. 2.
[5] *Id.* at p. 3, para. 16.
[6] *Id.* at p. 3, para. 17.

**Julie Johncox Siglinger's and JPFI, LLC's
12(b)(6) Motion to Dismiss
Plaintiff's First Amended Complaint and
Brief in Support- Page 4**

encumber their property, proceeds and assets as collateral for the Loan … ."[7]

- Interestingly, Plaintiff added the language "and all other recipients of the funds, such as [Julie] and [JPFI]" after reviewing the JPFI Defendants' previous Motion to Dismiss. There is still no factual allegation that they ever received funds or, even assuming they did, why this creates liability. Again, this phrase is not legal alchemy; it does not transform a case against a defaulting debtor and guarantor into a case against any business that *might* have received loan funds.

- "On or about the Closing Date, [Paul] electronically executed a Guaranty of the Note … ."[8]

  - Plaintiff does *not* allege that Julie or JPFI executed a Guaranty of the Voltata Loan.

- "The Guaranty provides for its enforcement against [Paul] if [Voltata[]] defaults on its obligations under the Note and Paul fails to satisfy its obligations … ."[9]

---

[7] *Id.* at p. 3, para. 19.
[8] *Id.* at p. 4, para. 20.
[9] *Id.* at p. 5, para. 22.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 5**

- o  While Plaintiff alleges that Paul's Guaranty may be enforced against his "successors and assigns," it does *not* allege how the JPFI Defendants could be considered successors or assigns.
- "On the Closing Date, [Paul] executed a Debit Agreement with [Voltata] to [Plaintiff] … ."[10]
    - o  Plaintiff does *not* allege that Julie or JPFI executed a Debit Agreement.
- "On the Closing Date, [Paul] approved disbursement of the Funds … ."[11]
    - o  Plaintiff does *not* allege that Julie or JPFI approved—or even had the capacity to approve—disbursement of any Voltata Loan funds.
- "Defendants breached the Instruments just after receipt of the Funds … ."[12]
    - o  While Plaintiff uses the term "Defendants" here, it—to this point—has not explained what, if any, Instruments that Julie and

---

[10] *Id.* at p. 5, para. 24.
[11] *Id.* at p. 5, para. 25.
[12] *Id.* at p. 5, para. 27.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 6**

JPFI could breach. To the contrary, the only Instruments Plaintiff has described are the Voltata Loan and Paul's Guaranty.

- "[Paul and [Voltata] did not intend to repay the Funds … ."[13]

These allegations describe a fairly simple transaction between Plaintiff (the lender), Paul (the Voltata Loan's applicant and sole Guuarantor), and Voltata (the recipient of the Voltata Loan's funds).

Notably, the described transaction does not involve Julie or JPFI. Instead, Plaintiff alleges that Paul applied for a loan for Voltata—whose members are Paul and Clifton M. Mitchell.[14] Plaintiff loaned the money based on Paul's application and Paul's guarantee; and, Voltata received the loan funds.

Julie and JPFI are notably absent from Plaintiff's described transaction. According to Plaintiff's Complaint:

- Julie and JPFI are not members of Voltata—the loan recipient;
- Julie and JPFI did not submit an application to Plaintiff;
- Julie and JPFI did not execute a Promissory Note;
- Julie and JPFI did not execute a Security Agreement;
- Julie and JPFI did not execute a Guaranty;

---

[13] *Id.* at p. 5, para. 29.
[14] In Plaintiff' Original Complaint, it claimed that Tammy Shaklee was Voltata's other member, but, apparently, Plaintiff has now removed that factual allegation.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 7**

- Julie and JPFI did not execute a Debit Agreement; and

- Julie and JPFI did not receive Voltata Loan funds by wire from Plaintiff.

Plaintiff's Amended Complaint very clearly describes a loan transaction between itself, Voltata, and Paul. It does not describe a transaction between Plaintiff and Julie or JPFI.

While Plaintiff details Paul's and Voltata's activities, Plaintiff's Amended Complaint does not allege any actions that Julie or JPFI directed towards Plaintiff. There is no allegation that the JPFI Defendants made a single representation or statement to Plaintiff. Simply put, Plaintiff did not identify any disclosures, representations, or statements from the JPFI Defendants. And, consequently, there is not a single representation from Julie or JPFI that Plaintiff could have relied on when making business decisions about the Voltata Loan.

**B. Plaintiff's boilerplate, conclusory allegations do not create or support a claim for relief against Julie or JPFI.**

Plaintiff did not plead any factual allegations supporting a claim against the JPFI Defendants. After clearly describing a transaction between itself, Voltata, and Paul, Plaintiff resorts to boilerplate, conclusory allegations straining to cast liability beyond the underlying transaction and ensnare Julie and JPFI. But Plaintiff's conclusory allegations of law, baseless factual inferences, and formulaic recitation

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 8**

of the elements will not defeat a motion to dismiss for failure to state a claim.[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[16]

Here, the difference is stark between Plaintiff's well-pleaded allegations against Paul and Voltata, and Plaintiff's conclusory statements about Julie and JPFI. Plaintiff's allegations against Paul and Voltata are fairly detailed. As noted above, Plaintiff described a loan transaction between itself, Paul, and Voltata, but it did not describe or identify any specific facts regarding Julie and JPFI. What does Plaintiff's Complaint say about Julie and JPFI?

Not much. Plaintiff alleges that Julie is Paul's husband;[17] JPFI is Julie's company;[18] Julie and Paul live together in Fort Worth;[19] Julie and JPFI did "business development and marketing for Current Electric;"[20] and, Julie and Paul transferred a co-owned rental property to JPFI *before Paul even applied to Plaintiff for Voltata's loan.*[21] Besides these scant factual allegations having nothing to do with the

---

[15] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
[16] *Aschroft v. Iqbal,* 556 U.S. 662, 677 (2009) (quoting *Twombly,* 550 U.S. at 555).
[17] *See* Amended Complaint, p. 2, para. 8.
[18] *See id.* at p. 2, para. 11.
[19] *See id.* at p. 2, para. 9.
[20] *Id.* at p. 2, para. 12.
[21] *See id.* p. 2, para 10 and p. 3, para. 14.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 9**

underlying transaction, what does Plaintiff's Complaint say about Julie and JPFI related to the underlying transaction?

Again, not much. Plaintiff pivots from alleging facts about Paul and Voltata to peppering its Complaint with conclusory allegations and unsupported factual inferences about Julie and JPFI. For example, despite clearly pleading that Paul applied for and guaranteed a loan for Voltata, Plaintiff alleges that all "Defendants breached the Instruments."[22] But Plaintiff does not explain how Julie and JPFI—at this point, among the "Defendants"—defaulted on a loan they did not apply for, sign, receive, or guarantee. Plaintiff merely inserted "Defendants" in place of Paul and Voltata.

Without any facts supporting causes of action against Julie and JPFI, Plaintiff resorts to repeating conclusory statements. As if writing a song, Plaintiff ends each paragraph with the same refrain: "Defendants consented, benefitted and ratified." Plaintiff repeats this refrain—or some version of it—fifteen times in the Complaint. But merely repeating the same conclusory refrain at the end of each paragraph does not transform it into a factual allegation.

While it remains conclusory and formulaic whether stated once or multiple times, this is Plaintiff's chosen method for addressing its acute lack of supporting

---

[22] *Id.* at p. 5, para. 27.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 10**

facts. Plaintiff's Complaint fails to specifically allege how Julie or JPFI "consented" to Paul's or Voltata's actions. Similarly, it fails to allege how Julie or JPFI "benefitted or ratified" any of Paul's or Voltata's actions. Plaintiff's baseless incantations remain "'naked assertion[s]' devoid of 'further factual enhancement'" and, thus, they are insufficient to support a claim for relief against Julie and JPFI.[23]

Surely, being Paul's spouse or living together does not support an inference that Julie "consented, benefitted and ratifies" Paul's or Voltata's business dealings. Likewise, the mere fact that Julie—Paul's spouse—is JPFI's sole member does not support such an inference.

## C. Plaintiff's Complaint fails to allege any factual basis supporting claims against Julie and JPFI.

Count I in Plaintiff's Complaint fails to state a plausible claim against Julie and JPFI. Without any factual support, Plaintiff asks the Court to "declare, establish and reform its Instruments to bind Defendants, jointly liable for the Loan, a security interest in their property, assets and proceeds subrogated into any Prior Loans, grant just relief."[24] Plaintiff wants this Court to modify its deal with Paul and Voltata. Specifically, it is asking the Court to add Julie's and JPFI's names to loan documents and a guaranty that they never agreed to and had no part in negotiating.

---

[23] *Aschroft v. Iqbal,* 556 U.S. 662, 677 (2009)(quoting *Twombly,* 550 U.S. at 557).
[24] Plaintiff's Amended Complaint, p. 12, para. 63.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 11**

But Plaintiff does not support this extraordinary ask with any facts. While it alleges that "[t]he inequitable or fraudulent misconduct of Defendants requires inclusion of them ….", it does not identify a single "inequitable or fraudulent" thing that Julie or JPFI did.[25] Plaintiff claims that it was "induced to make the Loan," but, again, there is no allegation that Julie or JPFI made any representations—ever—to Plaintiff.

In Count II, Plaintiff claims that "Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due."[26] There is no allegation, however, that Julie or JPFI agreed to or even signed Plaintiff's "Instruments." To the contrary, Plaintiff's Complaint details Paul's and Voltata's agreement to the loan and guaranty. Yet, undeterred by facts, Plaintiff is asking this Court to first declare Julie and JPFI liable for a loan that they did not agree to or sign based on unspecified "inequitable or fraudulent misconduct," then find that they breached "Instruments" they did not agree to or sign. This claim—like Count I—fails to state a claim against Julie or JPFI.

Plaintiff's Count III appears to allege that Paul breached a fiduciary duty as a debtor in possession. Paul's Guaranty—as partially quoted in Plaintiff's Complaint—gave Plaintiff a lien and security interest in "all of Borrower's now owned or

---

[25] *See id.* at p. 8, para. 4.
[26] *Id.* at p. 11, para. 67.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 12**

hereafter acquired [property]."[27] Among other things, Plaintiff complains that Paul breached his fiduciary duty and Julie and JPFI conspired with him to breach it by transferring the Helmick Property to JPFI.[28]

But the property transfer, according to Plaintiff's Complaint, occurred in May 2018.[29] This was a month before Paul applied for the loan, and a month before Plaintiff issued its loan to Voltata. Plaintiff never had a security interest in the Helmick Property because it was not "now owned or hereafter acquired" when Paul applied for the loan or Voltata received it. Simply put, Paul did not own the Helmick Property at the time of Plaintiff's loan.

Notably, Plaintiff never raised these issues during the course of Paul's Chapter 7 bankruptcy. It never claimed that Paul fraudulently transferred property or somehow squandered assets to Plaintiff's—and other creditors'—detriment. Rather, Plaintiff remained quiet in the Bankruptcy Court, and, ultimately, Paul's debt to Plaintiff was discharged along with a number of other debts.[30]

In Count IV, Plaintiff asserts a Quantum Meruit and Unjust Enrichment claim against Julie and JPFI. Plaintiff rests this claim on the bare allegation that

---

[27] *Id.* at p. 4, para 19.
[28] *See id.* at p. 13, para. 76.
[29] *See id.* at p. 3, para. 14.
[30] *See* Order of Discharge, attached as Exhibit A.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 13**

"Defendants knew of and accepted the Funds … ."[31] But, knowing that someone received loan funds does not constitute Quantum Meruit or Unjust Enrichment—even if they paid you with the loan funds.

In Texas, the elements of Quantum Meruit require more than mere knowledge that someone has received funds. The elements are: (1) valuable services were rendered and materials furnished; (2) *for the person sought to be charged*; (3) which services and materials were accepted *by the person sought to be charged*; (4) under such circumstances as reasonably notified *the person sought to be charged* that the plaintiff in performing such services was expecting to be paid by *the person sought to be charged*.[32] Here, there is no allegation that Plaintiff provided any services or materials for Julie or JPFI. In fact, there is no allegation that Julie or JPFI were even aware that Paul and Voltata were applying for a loan or received a loan from Plaintiff and, similarly, there is no allegation that Plaintiff ever sought to charge Julie or JPFI for anything. This Count, like the others, wholly fails.

Counts V and VI both seek remedies based on Plaintiff being "inequitably and fraudulently induced."[33] Neither of these Counts, however, details any allegedly inequitable or fraudulent activity by Julie or JPFI. Instead of providing details of

---

[31] Plaintiff's Complaint, p. 14, para. 84.
[32] *See Vortt Exploration Co. v. Chevron USA, Inc.,* 787 S.W.2d 942, 944 (Tex. 1990) (emphasis added).
[33] Plaintiff's Complaint, p. 15, para. 90, and p. 16, para. 96.

**Julie Johncox Siglinger's and JPFI, LLC's**
**12(b)(6) Motion to Dismiss**
**Plaintiff's First Amended Complaint and**
**Brief in Support- Page 14**

supposedly fraudulent and inequitable conduct, Plaintiff again offers only naked assertions of fraudulent conduct—on repeat. Plaintiff pleads claims of fraud without identify any false or misleading disclosures made by Julie or JPFI. These claims fail to state a claim against Julie or JPFI.

## III.

## Conclusion

Julie and JPFI respectfully ask the Court to grant their 12(b)(6) Motion to Dismiss and dismiss them from this action.

**Julie Johncox Siglinger's and JPFI, LLC's
12(b)(6) Motion to Dismiss
Plaintiff's First Amended Complaint and
Brief in Support- Page 15**

        Respectfully submitted,

      By: <u>/s/Justin L. Jeter</u>
        Justin L. Jeter
        State Bar No. 24012910
        Jeter Melder, llp
        1111 S. Akard Street, Suite 100
        Dallas, Texas 75215
        Tel: 214.699.4758
        Fax: 214.593.3663
        Email: justin@jetermelder.com

        **Attorney for Julie Johncox Siglinger and JPFI, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rules, no Certificate of Conference is required because this is Motion to Dismiss.

      By: <u>/s/Justin L. Jeter</u>
        Justin L. Jeter

**Julie Johncox Siglinger's and JPFI, LLC's
12(b)(6) Motion to Dismiss
Plaintiff's First Amended Complaint and
Brief in Support- Page 16**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of Court on January 15, 2021, using the CM/ECF system and was served on the following:

Paul G. Wersant
3245 Peachtree Parkway, Suite D-245
Suwanee, GA 30024

By: */s/Justin L. Jeter*
Justin L. Jeter

**Julie Johncox Siglinger's and JPFI, LLC's
12(b)(6) Motion to Dismiss
Plaintiff's First Amended Complaint and
Brief in Support- Page 17**