IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. §<br>d/b/a IOU FINANCIAL, INC., §<br>§<br>Plaintiff, §<br>vs. §   CASE NO: 4:20-cv-1181-Y<br>§<br>VOLTATA TP ACQUISITION, LLC, et al §<br>§<br>Defendants, § | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS [DOC 9]

IOU responds the Motion [Doc 9] incorporating its Amended Complaint [Doc 6: AC]

## STATEMENT OF FACTS

1. On 10/26/20, Plaintiff IOU filed suit [Doc 1], naming Defendants JJS and JPFI [Movants] filed a Motion to Dismiss [Doc 9] the Amended Complaint [AC] alleging that:

2. IOU made a commercial loan with Voltata TP [Business]; Paul Siglinger [Debtor] who signed a Note, Security Agreement and Guaranty for $161,250.00, [AC ¶¶ 16-26] governed by Georgia law, securing their property, which Defendants ratified. Movants JPFI and JJS are Debtor's successors per the Guaranty [AC ¶¶ 17, 19, 20-26] Business and Debtor defaulted on the Loan. IOU filed a prior suit and Debtor filed bankruptcy [AC: ¶¶ 4, 27-28].

3. Movants are insiders of Business and Debtor and their co-Defendants/affiliates; who received transfers of their funds just before the Loan; transferred joint property of JJS and Debtor to JPFI just prior to the Loan, to avoid attachment by creditors, such as IOU, which would not be immediately visible; who benefitted from, consented to and ratified the Loan. [AC: ¶¶ 7-15] Business and Debtor never intended to repay the Loan and acted with the other Defendants in obtaining the Loan, as agents, a partnership, conducted Business as their alter-ego;

1

and all Defendants are jointly liable for the Loan [AC: ¶¶ 28-30]. IOU's Loan Instruments attached to all property, assets and proceeds of the Defendants [AC: ¶¶ 31-32].

4. Defendants conspired to fraudulently induce IOU to make the Loan, not disclosing their involvement with the Loan by which they benefitted; which they did not or could not perform; per the Loan's rapid default and Debtor's bankruptcy; intending to hinder, delay and defraud IOU from enforcing the Loan through Wrongful Transfers of property, assets and proceeds of Debtor and Business, undisclosed to IOU; Business was operated from the Fernshaw Property; which they are estopped from disputing; upon which IOU relied [AC: ¶¶ 32-33].

5. Defendants are jointly liable for the Loan and/or the Funds, of which they knew, accepted and retained and are unjustly enriched; are jointly liable as partners, servants, agents; and Movants are successors of Debtor under the Guaranty [AC: ¶¶ 34-39]. Defendants conducted the wrongful transfers of the property, assets and proceeds of Debtor, Business and its affiliates to hinder, delay or defraud creditors such as IOU, of which they ratified [AC: ¶¶ 40-53].

6. IOU seeks a declaratory judgment and reformation of the Instruments as to all Defendants and their property, assets and proceeds [Count I AC: ¶¶ 54-64], judgment on the Instruments and fees [Count II AC ¶¶ 65-70], breach of fiduciary duty and fraudulent transfers [Count III AC: ¶¶ 71-80], *quantum meruit*/unjust enrichment [Count IV AC: ¶¶ 81-86], equitable lien/mortgage [Count V AC: ¶¶ 88-93], a constructive trust if Count V is denied [Count VI AC: ¶¶ 94-99] and judicial foreclosure [Count VII AC: ¶¶ 100-104].

7. The Motion to Dismiss fails to comply with the Local and Federal Rules and fails to address most, if not all, of the claims and allegations of the AC. It should be denied.

**MEMORANDUM**

The Court held as follows in **_Pazzalo v. AFGA_**, LEXIS 553 *2-3 (N.D. Tex. 2002):

> "A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." **_Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc_**., 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983) (cit. omitted) The court must accept as true all well pleaded, non-conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiffs. **_Kaiser Aluminum_**, 677 F.2d at 1050. A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he can prove no set of facts in support of his claim that would entitle him to relief. [denied motion to dismiss]

"The issue is not whether the plaintiff will ultimately prevail, but whether [plaintiff] is entitled to offer evidence to support [its] claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [she] could prove consistent with the allegations in the complaint." **_Great Plains Trust v. Morgan Stanley Dean Witter_**, 313 F.3d 305, 313 (5th Cir. 2002). *See* **_Torres v. Goldman Sachs Mortg. Co_**., LEXIS 191288 *3-9 (N.D. Tex. 2013) [denied motion to dismiss as plaintiff pled plausible claims for trespass to try title and declaratory relief as to assignment of deed of trust on residence which defendant sought to foreclose] IOU meets these standards as shown here.

**I.      The Motion fails to comply with the Local Rules requiring its denial.**

L.R. Rule 7.1(d) states: "An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities." L.R 7.2(d) states: "a brief in excess of 10 pages must contain a table of contents and a table of authorities." The Motion fails to comply with *both* rules, requiring its denial. "Local Rules function as court orders to the parties before the Court." **_Jones v. Central Bank_**, 161 F.3d 311, 313 (5th Cir. 1998). The Motion should likewise be denied.

**II.     The Motion Fails to Comply with the Federal Rules and did not address the AC.**

The Motion fails to comply with the Federal Rules requiring its denial. "The burden is on the moving party to clearly identify the basis of its motion and the relief that it seeks in filing this motion." ***Carter v. H2R Rest. Holdings***, LEXIS 151983, *11-12  (N.D. Tex. 2017) [denied motion to dismiss, which "lacked any supporting argument as to why dismissal is appropriate" and did "not comply with Fed. R. Civ. P 7(b)'s requirement a movant "state with particularity the grounds for seeking the order. Fed. R. Civ. P. 7(b)(1) [which].…demands some degree of specificity on the movant's part." "This rule affords the court and the opposing party notice of the substance of the basis for the requested order." ***Kelly v. Moore***, 376 F.3d 481, 484(5th Cir. 2004) [affirmed denial of defective motion] The Motion is likewise fatally defective.

First, Movants fail to address IOU's allegations of their vicarious and joint liability, racketeering, alter-ego, conspiracy and partnership. [AC ¶¶ 32] ***Schlumberger v. Nortex***, 435 S.W.2d 854, 857 (Tex. 1968) [judgment for conspiracy: "[An] agreement or understanding between conspirators to inflict a wrong against, or injury on, another, a meeting of minds on the object or course of action, and some mutual mental action coupled with an intent to commit the act which results in injury; in short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy.:"]. ***Segner v. Sinclair Oil & Gas Co.***, LEXIS 196689 *17-18 (N.D. Tex. 2012) [discussed vicarious liability, partnership, joint enterprises and alter-ego as alternative theories of liability and denied motion to dismiss]

Second, Movants fail to address IOU's allegations of being fraudulently induced into the Loan, just after the Wrongful Transfers, ratified by all Defendants, acts which does not require their signatures on the loan documents [Compare Doc 9, p. 7-11 disputing Movants' ratification of the loan with the AC¶¶ 16-17, 20-26, 30, 35, 38] The Court of Appeals held:

4

"If a material representation is made, and is of such character which will induce a party to rely upon it and to believe it true, and to act upon it, this will be sufficient, although he might have ascertained by ordinary diligence that it was not true. This rests on the grounds that a party ought not to profit by his own fraudulent representations and obtain relief from its consequences because the one deceived could have learned of the fraud if he had been diligent…."

"….Contracts made for the benefit of another, without his privity or direction, may be rejected or affirmed at his election. But, by making the election to affirm it, he adopts the agency altogether, as well that which is detrimental as that which is for his benefit; but in seeking to enforce contracts entered into by agents, the principal is subject to have them impeached by any conduct of his agent which would have that effect if proceeding from himself. Every species of fraud, misrepresentation, or concealment, therefore, in the agent, affects the principal's right to recovery. *Taber v. Eyler*, 162 S.W. 490, 496, 497 (1913 Tex. App-Amarillo – no writ) [lessors bound by lease for saloon, executed on their behalf by their agent, which they ratified by accepting rent and never repudiated]

Third, Movants fail to address most of IOU's claims. [*See* Motion Doc 9, p. 11-19, which lacks authority addressing Counts I, II, III, V, VI of the AC and a brief reference to Count VI.] IOU's unaddressed claims are *not* before the Court. *Oyekunmi v. Gonzales*, LEXIS 6540, *19 (N.D. Tex. 2006) [recommended denial of 12 (b)(6) motion which failed to address claims in complaint] These arguments are *waived*, requiring denial of the Motion. *Carter* * 24 [denied 12(b)(b) motion which failed to address alleged non-compliance with Rule 9 (c), *citing* *Fruge v. Amerisure*, 663 F.3d 743, 747 (5th Cir. 2011) (*HN20* "*Failure to raise an argument before the district court waives that argument*"). Movants fail to address many matters in the AC, such as the Georgia law clauses in the Note and Guaranty. Aside from inapplicable exceptions *"*Texas law gives effect to choice-of-law clauses regarding construction of a contract." *In re J.D. Edwards World Solutions*, 87 S.W.3d 546, 549 (Tex. 2002).

Next, Movants argue Count I for declaratory and equitable relief, is unsupported [Doc 9, p. 11-12] but cite no averments in the AC and no authority on declaratory relief or reformation, which does *not* require fraud. *Carter*,* 31 [denied motion to dismiss declaratory claim as the

movants "have not explained precisely why these requests do not have a basis in law or fact, who failed to satisfy their burden on their motion to dismiss"] citing **_Xpel v. Am. Filter_**, LEXIS 60893, WL 3540345, at *8 (W.D. Tex. 2008) [denied 12 (b) motion as "Defendants have not met the burden required of them as the moving party"]; **_Nation Wide v. Mjc Am_**, LEXIS 171386 (N.D. Tex. 2011) [denied motion to dismiss declaratory counterclaim which alleged jurisdiction and actual case or controversy]; **_Oil Workers of Texoma_**, 146 F. 2d. 62, 65 (5th Cir. 1944) [affirmed declaratory judgment that contract precluded arbitration award and related relief] as: "_The Act should be liberally construed and where a justiciable controversy exists between parties who are citizens of different states with regard to rights having a value in excess of [diversity jurisdiction] as here, the United States District Courts are vested with jurisdiction_]

Under Ga. law "Equity will reform a written instrument for the unilateral mistake of one party accompanied by fraud or inequitable conduct on behalf of the other party." **_Cotton v. Woodruff_**, 451 S.E.2d 107 (Ga. 1994) [reformed policy to exclude inequitably undisclosed accident]. Inequitable conduct justifying reformation may consist of a misrepresentation of fact, even if not fraud. **_McDonald v. Mullins_**, 29 S.E. 2d 507 (Ga. 1944) [reformed deed to reflect disputed property, omitted by seller's misrepresentation]. Texas law is the same. **_Conn v. Hagan_**, 93 Tex. 334, 55 S.W. 323 (1900), held: "Where there has been a mistake of one party, _accompanied by fraud or other inequitable conduct_ of the remaining party, the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties." [reformed deed based upon fraud] "Knowledge by one party of a mistake regarding the contract is equivalent to mutual mistake" **_Ace Drug Marts v. Sterling_**, 502 S.W.2d 935, 939-940 (Tex.Civ.App. Corpus Christi 1973, writ ref'd n. r. e.) [reformed mistaken lease, known by lessor, which would benefit from and receive a unjust windfall from mistake, about which lessor

knowingly remained silent]; **_Cambridge v. Williams_**, 602 S.W.2d 306, 308 (Tex. Civ. App. -- Texarkana 1980) [reformed mistaken note, known by payee and her husband, her agent, knowledge was imputed to her, who would unfairly benefit from the mistake]. A controversy exists whether the Note and Guaranty should be reformed to encompass all Defendants who jointly obtained and benefitted from the Loan and as Movants knew of the intent of Debtor and Business not to pay the Loan and of the transfer of the property intended as collateral for the Loan, who benefitted from and ratified the Loan but remained silent. [AC: ¶¶ 54-64].

Next, Movants attack Count II, breach of contract, citing no authority, claiming they "did not agree to or sign" the Loan Documents [Doc 9, p. 12] but fail to address the allegations they *consented, benefitted from and ratified the Loan by receipt of the Funds* [AC ¶¶ 16-39]. A defendant was held liable under like circumstances regarding an agreement, who "*accepted and disposed of the proceeds of the [agreement] and is estopped to deny liability thereon*." **_Slaton State Bank v. Amarillo Nat. Bank_**, 288 S.W. 639, 642, (Tex. App. 1926, writ denied)

Next, Movants critique Count III, again citing no authority, who contend being exempt from liability for this misconduct, but fail to address IOU's claim for their aiding and abetting the breach of fiduciary duty of the other Defendants for their misuse of the assets of the insolvent Business. [AC ¶¶ 7-53, 78]. **_Ebert v. Gustin_**, LEXIS 233436 *10, 15, 17-22, 39-40 (N.D. Tex. 2008) [granted $6.900,000 judgment against defendants for aiding and abetting breach of fiduciary duty by corporate officer for misuse of assets of insolvent company]

Movants do *not* dispute they fraudulently obtained at least one property from Debtor just prior to the Loan [Doc 9, p. 12-13]. They ignore IOU's allegations of Debtor's fraudulent representation of ownership of his property and its fraudulent transfer just prior to the Loan, which would not be immediately visible [AC ¶¶ 13-15, 31-53, 71-80]. **_BMG Music v. Martinez_**,

74 F.3d 87, 89 (5th Cir. 1996) [affirmed summary judgment for plaintiff on fraudulent transfer claims under Tex. Bus. & Com Code § 24.005, as defendant transferred his property to hinder, delay or defraud plaintiff in enforcing its debt, just 10 days after being sued, *prior* to plaintiff obtaining judgment] Movants baselessly claim IOU had to address *Debtor's misconduct* in his "no-asset" bankruptcy [Doc 9, p. 13] *but Movants fail to address IOU's allegations of Debtor's sudden "insolvency" after obtaining IOU's Loan, who did not identify the property transfers at issue in his sworn bankruptcy schedules* [AC ¶¶ 4, 28, 31, 32] The bankruptcy is *not* a defense to this case but *is* evidence of the *misconduct of Movants*. **In re Divine**, 538 B.R. 300, 308-09 (Bankr. S.D. Tex. 2015) [non-debtors cannot seek relief under debtor's bankruptcy]

Next, Movants attack Count IV, on its *quantum meruit*, claim, who contend IOU *only* alleged they knew of and received the Funds [Doc 9, p. 13-14] but again *fail* to address IOU's allegations *they knew of, consented, to benefitted from and ratified the Loan, received and retained the Funds* [AC ¶¶ 7-53]. They did *not* address Count IV's unjust enrichment claim and omit to mention that "*Quantum meruit is founded on unjust enrichment*." **Vortt v. Chevron**., 787 S.W.2d 942, 944 (Tex. 1990) [reversed dismissal of *quantum meruit* claim] Unjust enrichment may be had if a defendant "*passively* received [a benefit] which it would be unconscionable to retain." **RDG Ltd. v. Gexa**. LEXIS 3123, at *10-12 & n.2 (Tex. App.-Houst. 2005, no pet.) [recovery for passive receipt of benefits]. **Community Mut. v. Owen**, 804 S.W.2d 602, 606 (Tex. App.-Houston, 1991, writ den.) [unjust enrichment found when defendant *passively received* insurance proceeds knowing they were pay medical bills but *retained* them even after learning insurer paid the medical bills]. IOU may recover its attorney's fees on this claim. *See* Tex. Civ. Prac. & Rem. Code § 38.001 and **Weitzul Constrc. v. Outdoor Environs**, 849 S.W.2d

8

359, 366 (Tex. App.--Dallas 1993, writ denied) ["A party may recover attorney's fees for claims arising out of contracts or quantum meruit."]

Movants critique Counts V-VI for IOU's alleged failure to plead fraud [Motion p. 14-15] again failing to address IOU's allegations [AC ¶¶ 7-53] [see above law]. Tex. Bus. Org. 21.223 provides LLC members and corporate officers can be held liable for fraud, per Counts I and III. Movants also *fail* to address IOU's allegations of its Security Agreement [AC ¶¶ 19-21, 55-63, 89, 92] enforceable by an equitable lien on all property proceeds and assets of Debtor and Business and others obligated under them, under Georgia law. *See* **Ingram v. CitiMortgage**, LEXIS 145603 *6-7 (N.D. Ga. 2016) [enforced security instrument as a mortgage] holding:

> "Under O.C.G.A. § 44-14-31, *Georgia law is clear '[n]o particular form is necessary to constitute a mortgage . . [it need only] clearly indicate the creation of a lien, must specify the debt for which it is given and the property upon which it is to take effect.*" Accordingly, as between the parties, a mortgage — including the promissory note and security deed — are effective between the parties once the "property owner uses that property as security for his debt to another" *citing* **Bayiew v. Baxter**, 688 S.E. 2d. 368 (Ga. 2009) [enforced unrecorded agreement as security instrument on realty]; **Cherokee v. Gravitt**, 369 S.E. 2d. 782 (Ga. App. 1988) [enforced agreement as a mortgage on realty which (a) created a lien; (b) evidenced secured debt and (c) property upon which lien was to take effect.]

A guaranty may secure collateral such as realty. **United States v. Wood**, 28 B.R. 383, 385-86 (N.D. Ga. 1983) [guaranty was security agreement; writing, signed by debtor, set forth agreement for security interest in collateral described as proceeds of realty, described with sufficient particularity]. Texas law is similar. "An equitable lien is created when a party indicates his intention to make certain property the security for a debt, and the party promises to convey or assign the property as security. **William Clay, Jr. Foundation v. United States**, 233 F. Supp. 628 (N.D. Tex.--Ft. Worth 1964).

Movants also failed to address IOU's allegations as to a constructive trust [AC ¶¶ 94-99] and omit to mention that Georgia law provide for equitable liens and/or constructive trusts, *based on wrongful conduct, such as a breach of fiduciary duty, fraud or unjust enrichment*. **<u>Whiten v. Murray</u>**, 599 S.E.2d 350-51 (2004) [imposed constructive trust to prevent unjust enrichment of sellers and buyers of property per debt paid by plaintiff]. **<u>Perry v. Perry</u>**, 648 S.E.2d 196-197 (2007) [constructive trust on realty retained in breach of oral agreement with payor of price per fraudulent oral promise]. Texas law is similar. **<u>Mowbray v. Avery</u>**, 76 S.W.3d 663, 677, 681-82 (Tex. App.—Corpus Christi 2002, pet. denied). [trial court improperly dismissed suit which sought constructive trust based upon unjust enrichment] "*<u>It is not essential for the application of the constructive trust doctrine that a fiduciary relationship exist between the wrongdoer and the beneficial owner. Actual fraud, as well as breach of a confidential relationship, justifies the imposition of a constructive trust</u>*." **<u>Meadows v. Bierschwale</u>**, 516 S.W.2d 125, 128-129 (Tex. 1974) [affirmed constructive trust on realty which appellant obtained by *fraud*, per sale of a wrongfully acquired property] Movants misstated the law as show here.

IOU pled its causes of action, again unaddressed by Movants, who do *not* even address <u>Count VII</u> in their motion [AC ¶¶ 101-103: Compare to Doc 9, p. 14-15]

## CONCLUSION

The misplaced, unsupported Motion to Dismiss should be <u>denied.</u>

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date, sending ECF notice to defense counsel of record for Defendants JPFI and JJS and/or was mailed by U.S. First Class Mail to Defendants Voltata TP and Current on their returns of service [Doc 7-8] which will be served on Defendant Voltata LLC.

Respectfully submitted this 8th day of February 2021.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff IOU
> File No. 104230