IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IOU CENTRAL, INC.                §
                                 §
VS.                              §        ACTION NO. 4:20-CV-1181-Y
                                 §
VOLTATA TP ACQUISITION, LLC,     §
ET AL.                           §

ORDER DENYING MOTION TO DISMISS AND REQUIRING AMENDED COMPLAINT

Pending before the Court is the Motion to Dismiss (doc. 9) filed by defendant Julie Johncox Siglinger and JPFI, LLC ("the Julie defendants").  After review of the motion, the related briefs, Plaintiff's amended complaint, and the applicable law, the Court concludes that the motion to dismiss should be DENIED at this time, but that Plaintiff should be required to replead.

After reviewing Plaintiff's amended complaint, the Court agrees with the Julie defendants that Plaintiff has not stated a plausible claim for relief against them.  Although Plaintiff repeatedly alleges that the Julie defendants "consented, benefitted, and ratified as co-recipients of the funds" the loan and guaranty agreement executed by Paul Siglinger (Julie's husband) and his companies, Plaintiff pleads no facts in support of those conclusions.  (Pl.'s Am. Compl. (doc. 6) 3-4, ¶ 19.)  Plaintiff also contends that the Julie defendants made "false, misleading, or material omissions to IOU through Debtor/Business," but wholly fails to allege any specific facts about the substance of the Julie defendant's allegedly false or misleading representations, their involvement with the debtor's business, or how they "fraudulently induced [Plaintiff] to close the

Loan" with her husband (the debtor) and his business. (*Id.* at 7, § 32.) Furthermore, it is unclear exactly which claims Plaintiff intends to assert against which defendants, and the listing of defendants in the text of his complaint does not exactly match that listed in the style. Because these deficiencies may be remedied by more specific allegations, the Court will allow Plaintiff an opportunity to amend prior to potentially dismissing its claims. *See U.S. ex rel. Coppock v. Northrop Grumman Corp.*, No. 3:98-CV-2143-D, 2002 WL 1796979, at *15, n. 29 (N.D. Tex. Aug 1, 2002) (Fitzwater, J.) (noting that "this and other courts typically give a plaintiff at least one opportunity to cure pleading defects that the court has identified before dismissing the case, unless it is clear that the defect is incurable or the plaintiff advises the court that he is unwilling or unable to amend in a manner that will avoid dismissal").

As a result, if it desires to pursue its claims, then no later than **June 14, 2021,** Plaintiff shall file an amended complaint that remedies the deficiencies noted in this order and the Julie defendants' motion, if it can do so in accordance with Federal Rule of Civil Procedure 11. Additionally, to make the amended pleading easier for the Court to read, Plaintiff's amended complaint shall contain separately titled sections where he names each party as listed in the style of the complaint and alleges their citizenship, a jurisdictional paragraph, the facts upon which Plaintiff's claims are based, the causes of action Plaintiff intends to assert, and the damages Plaintiff seeks. Failure to timely comply with this order will result in the dismissal of Plaintiff's claims for lack of

prosecution.  Defendants shall have twenty-one days after the amended complaint is filed to answer or otherwise respond to the amendment.

    SIGNED May 14, 2021.

                           TERRY R. MEANS
                           UNITED STATES DISTRICT JUDGE